**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x          NOT FOR PUBLICATION
 :
In re:                                                   :    Chapter 7
 :
    ANGIE SANTIAGO,                   :    Case No. 11-12843 ALG
 :
                         Debtor.     :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

A P P E A R A N C E S:

LOUIS M. REALE, ESQ.
*Attorney for Debtor*
40 Wall Street, 28th Floor
New York, NY 10005

PEREIRA & SINISI, LLP
*Attorneys for John S. Pereira,*
*Chapter 7 Trustee*
405 Lexington Avenue, 7th Floor
New York, NY 10174

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      The chapter 7 trustee ("the Trustee") has moved to strike the homestead exemption claim of Debtor Angie Santiago on the ground that the Debtor sold the real property at issue nine months before filing for bankruptcy.

      The facts are taken from the parties' papers and are not in dispute for purposes of this memorandum.

      The Debtor asserts that in the fall of 2000, she and her mother jointly purchased real property located at 61 Stanhope Street, Brooklyn, New York ("the Property"). She further

1

asserts that her mother paid both the $23,800 downpayment on the Property and the subsequent mortgage payments and that although the Debtor lived in the basement of the Property, she contributed only a few hundred dollars a month to general household expenses. Debtor's Opposition to Motion, Case No. 11-12843, Dkt. No. 17, Exhibit B (Affidavit of Angie Santiago), at ¶ 4.

Seven years after buying the home, according to the Debtor, her mother lost her job at Bear Stearns. Her mother subsequently fell behind on the mortgage payments and decided to put the Property up for sale. On September 8, 2010, the Property was sold. The sale netted proceeds of $85,231, all of which was paid to the Debtor's mother.

On June 15, 2011, the Debtor filed for chapter 7 relief. On her amended Schedule C, the Debtor claims as exempt, pursuant to § 5206 of the New York Civil Practice Law and Rules ("the CPLR"), 50% the sale's net proceeds, or $42,616, to which she may have been entitled as a joint owner on the Property's deed.

The Trustee now seeks entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 4003(b), striking the Debtor's claim of a homestead exemption because the Debtor sold the Property nine months before she filed for bankruptcy. The Trustee has also requested an award of attorney's fees and costs incurred in connection with bringing this motion.

The Debtor opposes Trustee's motion, asserting that the Court should allow the exemption "to prevent an inequitable injury to the debtor and her family." Debtor's Opposition at ¶ 7. According to the Debtor, her mother has used most of the proceeds from the sale of the Property to purchase a new home in Florida, where she has since retired and lives with her oldest daughter. *Id.* at ¶ 4; Exhibit B to Opposition (Affidavit of Jacqueline Carrasco), at ¶ 6.

## Discussion

Section 522(b) of the Bankruptcy Code allows individual debtors to exempt certain assets from administration as property of the bankruptcy estate. A debtor domiciled in New York may, as of January 21, 2011, elect either the exemptions available under New York law and other generally applicable federal law or the federal exemptions provided in § 522. *See* 11 U.S.C. § 522(b)(1); New York Debtor and Creditor Law § 285 (McKinney 2011). Where the New York exemptions are chosen, Debtor and Creditor Law § 282 allows the debtor to exempt all real property that is exempt from application to the satisfaction of a money judgment under § 5206 of the CPLR.

CPLR 5206(a) grants an exemption for, *inter alia*, "a lot with a dwelling thereon" "not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence." A debtor seeking to exercise this exemption must both own and actually occupy the real property at issue. *In re Martiny*, 378 B.R. 52, 53 (Bankr. W.D.N.Y. 2007); *In re Miller*, 103 B.R. 65, 67 (Bankr. N.D.N.Y. 1989). For bankruptcy purposes, both of these requirements are determined as of the petition date. *In re Scott*, 233 B.R. 32, 40 (Bankr. N.D.N.Y. 1998); *see also Martiny*, 378 B.R. at 54. Thus, when a debtor has sold homestead property before filing for bankruptcy, CPLR 5206(a)'s exemption does not apply. *See First Fed. Sav. & Loan Assn. v. Brown*, 78 A.D. 2d 119, 123, 434 N.Y.S.2d 306 (4th Dept. 1980) ("The 'homestead exemption' under section 5206 (subd. (a)) of the CPLR exempts only 'real property' from application to the satisfaction of money judgments. Inasmuch as the surplus money arising out of this foreclosure sale becomes personal property, section 5206 has no application to such funds."); *In re Murdock*, 2008 WL 728879, at *2 (Bankr. N.D.N.Y. March 17, 2008).

3

CPLR 5206(e), on the other hand, does provide a limited exemption for the proceeds from a sale of homestead property,[1] but this provision only applies to the proceeds of an involuntary foreclosure sale. *Murdock*, 2008 WL 728879, at *4. Thus, when a debtor voluntarily sells homestead property before filing for bankruptcy, the debtor cannot exempt the sale's proceeds under § 5206(e). *See id.* (sustaining trustee's objection to debtor's claim of a homestead exemption where debtor had voluntarily sold property prepetition).

In this case, the Debtor neither owned nor occupied the Property on the petition date because she sold any interest she had in it nine months before filing for bankruptcy. This makes CPLR 5206(a) inapplicable for an exemption in the Debtor's favor. New York's limited exemption for sale proceeds under CPLR 5206(e) is similarly inapplicable because the Debtor and her mother sold the Property voluntarily. Thus, the Debtor's homestead exemption has no statutory basis and must be stricken.

Notably, in opposing the Trustee's motion, the Debtor does not even assert that either § 5206(a) or § 5206(e) expressly exempts the proceeds from a voluntary sale of homestead property. Rather, the Debtor asserts that the Court should allow the exemption based on considerations of equity and public policy. This Court's equitable powers, however, must be exercised within the confines of the Bankruptcy Code and applicable state law. *See generally Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

Moreover, the Debtor's claim of hardship resulting from the granting of the Trustee's motion may be overstated. The Trustee appears entitled to bring an avoidance action to recover

---

[1] CPLR 5206(e) provides that in the case of the "[s]ale of homestead exceeding fifty thousand dollars in value. A judgment creditor may commence a special proceeding in the county in which the homestead is located against the judgment debtor for the sale ... Money, not exceeding fifty thousand dollars, paid to a judgment debtor, as representing his interest in the proceeds, is exempt for one year after the payment, unless, before the expiration of the year, he acquires an exempt homestead, in which case, the exemption ceases with respect to so much of the money as was not expended for the purpose of that property ..."

from the Debtor's mother a one-half share of the sale proceeds, but the Debtor's mother would be entitled to assert all applicable defenses to the Trustee's claims. The Debtor's contention that her mother provided all the consideration for the Property's purchase and was the real owner might or might not be relevant – the Court expresses no opinion – but the Debtor will have an opportunity in any subsequent proceedings to raise many of the same issues she has raised in her exemption claim.

Finally, the Trustee has cited no authority for an award of attorney's fees here. Any legal fees the Trustee incurred in filing this motion cannot be recovered from the Debtor absent a showing that either she or her attorney acted unreasonably or vexatiously in claiming the exemption. *In re Montagne*, 2010 WL 424224, at *12 (Bankr. D. Vt. Feb. 1, 2010). The Trustee has not established that the Debtor acted vexatiously or in bad faith, which is also generally required for a sanction award. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

For the foregoing reasons, the Trustee's motion to strike the Debtor's claim of a homestead exemption is granted and his motion for attorney's fees is denied. IT IS SO ORDERED.

Dated: New York, New York
February 6, 2012

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE